**SULAIMAN LAW GROUP, LTD.**
Bobby C. Walker, Esq. (State Bar No. 321788)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
Facsimile: (630) 575-8188
Email: bwalker@sulaimanlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| DARLENE N. GEIB,<br><br>        Plaintiff,<br><br>   v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes DARLENE N. GEIB ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CAPITAL ONE, NATIONAL ASSOCIATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code § 1788 *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Eastern District of California.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age and, at all times relevant, resided in Sacramento, California, within the Eastern District of California.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is engaged in the business of offering a variety of credit services, including credit cards, to consumers across the country and in connection therewith, collecting or attempting to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, from consumers across the county, including those in the state of California. Defendant is a corporation organized and existing under the laws

2

of the United States with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon a purported defaulted consumer debt ("subject consumer debt"), said to be owed from Plaintiff.

10. Due to financial hardships outside of her control, including being out of work and without income, Plaintiff fell behind on the subject consumer debt.

11. Thereafter, Plaintiff began receiving calls to her cellular phone number (916) XXX-6955 from Defendant, seeking collection of the subject consumer debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the number ending in -6955. Plaintiff is, and always has been, financially responsible for the phone and its services.

13. Defendant has primarily used the phone numbers (800) 955-6600, (800) 388-5333, and (800) 435-1415 when placing collection calls to Plaintiff's cellular phone but upon belief, Defendant has used other phone numbers as well.

14. Upon information and belief, Defendant regularly utilizes the above-referenced phone numbers during its debt collection activity.

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject consumer debt.

16. Further, Plaintiff experienced a significant pause, lasting several seconds in length, before she was greeted either by prerecorded messages asking her to wait until a representative came on the line or by an actual representative that did come on the line.

17. During such a call, Plaintiff demanded that Defendant stop calling her and also informed Defendant that she would call Defendant back herself when she was able to make payments on the subject consumer debt.

18. Despite such, Defendant continued to call Plaintiff with harassing and repeated phone calls.

19. Defendant's continued communications to Plaintiff's cellular phone following her request that Defendant's phone calls cease often resulted in Defendant leaving Plaintiff prerecorded messages attempting to collect upon the subject debt.

20. Defendant has placed dozens of phone calls to Plaintiff's cellular phone, including leaving numerous prerecorded voicemail messages, notwithstanding Plaintiff's demand that such phone calls cease.

21. Defendant's collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that she did not want Defendant calling her again.

4

22. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions including, but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of her state and federally-protected interests to be free from harassing and abusive debt collection conduct.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using prerecorded messages without their consent.

27. Defendant's utilization of prerecorded messages brings its conduct within the ambit of the TCPA. Defendant caused Plaintiff to experience prerecorded voice messages on calls Plaintiff answered, as well as leaving Plaintiff prerecorded voicemail messages on Plaintiff's cellular phone.

28. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using prerecorded messages without her consent. After Plaintiff obtained the subject consumer debt from Defendant, she withdrew her consent to

5

receive such calls and contacts, if consent had ever been given, by way of demanding all calls cease. However, such contacts persisted nonetheless.

29. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.

31. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DARLENE N. GEIB, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C); in addition to damages under 47 U.S.C. § 227(d)(3)(A)(1);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32.  Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

33.  Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

34.  The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code §§ 1788.2(d) and 1788.2(f).

35.  Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a.  Violations of RFDCPA § 1788.11(d)

36. The RDCPA, pursuant to Cal. Civ. Code § 1788.11(d) states that debt collectors are prohibited from "causing a telephone to ring repeatedly or continuously to annoy the person called.

37. Defendant violated § 1788.11(d) of the RFDCPA when it repeatedly bombarded Plaintiff with telephone calls, despite Plaintiff having demanded that Defendant not contact her at all.

### b.  Violations of RFDCPA § 1788.11(e)

38. The RDCPA, pursuant to Cal. Civ. Code § 1788.11(e), prohibits debt collectors from "communicating by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute as harassment to the debtor under the circumstances."

39. Defendant violated § 1788.11(e) of the RFDCPA when it repeatedly bombarded Plaintiff with telephone calls, despite Plaintiff having demanded that

Defendant not call her at all.

### c.  Violations of RFDCPA § 1788.17

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17, states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

### i.      Violations of the FDCPA § 1692d

41. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

42. 15 U.S.C. § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

43. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior

8

communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

44. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

45. Defendant violated §§ 1692d & 1692d(5) and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h), through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

### ii.    Violations of 15 U.S.C § 1692e

9

46. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

47. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

48. Defendant violated §§ 1692e and 1692e(10) through its harassing calls to Plaintiff, despite Plaintiff having demanded that Defendant not contact her.

### iii.    Violations of FDCPA § 1692f

49. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

50. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt by bombarding Plaintiff with phone calls, despite her having demanded that she not be contacted.

51. As pled above, Plaintiff have been harmed and suffered damages as a result of Defendant's unlawful actions.

52. As outlined above, through its unlawful conduct in attempting to collect upon the subject consumer debt, Defendant violated Cal. Civ. Code § 1788.17 and 15 U.S.C. §§ 1692d, 1692e, and 1692f of the FDCPA. Defendant employed a series of

harassing, deceptive, and unconscionable means while attempting to collect the subject consumer debt, as outlined above.

53. Defendant willfully and knowingly violated the RFDCPA. Defendant was aware that Plaintiff did not want to be contacted, but yet continued to bombard Plaintiff with collection calls demanding payment for the subject consumer debt. Defendant's willful and knowing violations of the RFDCPA should trigger this Arbitrator's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b) and 15 U.S.C. § 1692k(a)(2)(A).

WHEREFORE, Plaintiff, DARLENE N. GEIB, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Awarding Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Awarding Plaintiff costs and reasonable attorney fees as provided, pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: December 22, 2022            Respectfully submitted,

/s/Bobby C. Walker

11

Bobby C. Walker, Esq.
California Bar No. 321788
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
bwalker@sulaimanlaw.com